FRANK H. HARTMAN v. JAMES R. MOORE ET AL.

CHANCERY PRACTICE.   *General relief.   Junior and senior mortgages.*

> A bill to foreclose a junior mortgage, praying general relief and
> specifically that the senior mortgage be decreed void, should not
> be dismissed on complainant's failure (there being no other de-
> fense) to establish his right to the specific relief sought, but under
> the prayer for general relief the mortgage should be foreclosed
> subject to the rights of the senior mortgagee.

FROM the chancery court of Jefferson county.

HON. WILLIAM C. MARTIN, Chancellor.

Hartman, the appellant, was complainant in the court below;
Moore, the mortgagor, and Reynolds the senior mortgagee,
appellees, were defendants there.

On May 17, 1894, Moore executed and delivered to Hart-
man a promissory note for the sum of $297.69, with the fur-
ther agreement that Hartman was to allow him future advances
to the amount of $35.   To secure this indebtedness, Moore
executed a mortgage on certain land described in the bill.
This trust deed was not filed for record until December 23,
1895.   On February 18, 1895, Moore executed and delivered
to Reynolds a promissory note for the sum of $150, due Octo-
ber 1, of that year, and to secure the same executed to Reynolds
a mortgage, which embraced the same land covered by the
Hartman deed.   This mortgage was filed for record on March
16, 1895, several months prior to the filing of , the Hartman
deed.   The debt secured by the Hartman deed became due on
October 1, 1894, and that secured by the other deed became
due October 1, 1895.   On January 5, 1898, Hartman filed his
bill in chancery against Moore for a foreclosure of his mort-
gage, making Reynolds a party to the suit.   Hartman in his
bill charges that the debt and mortgage to Reynolds are ficti-

tious and fraudulent, and, if not fraudulent, that they have been satisfied.   The prayer of the bill was that Moore's mortgage be decreed void, for foreclosure of complainant's mortgage and for general relief.  Moore and wife filed their answer, admitting the execution and delivery of the note and mortgage in favor of Hartman, and their indebtedness to him.   They denied that the debt to Reynolds is fictitious or fraudulent, and that it has been paid.   Reynolds filed his answer, denying that the debt secured by his mortgage is fraudulent, and that it has been paid.   He avers that it is *bona fide* and unpaid, and denies that he had any notice of Hartman's unrecorded deed when said debt was contracted.   The cause was heard on bill and answers, from which it appeared that the mortgage to Reynolds was, because of the registry laws, prior in right.   The court below dismissed the suit, and from the decree so doing Hartman appealed to the supreme court.

*P. Z. Jones*, for appellant.

There were two creditors holding two liens on same property to secure two debts, both of which were past due.   Reynolds, by the registry laws, had secured a priority.   Hartman was a junior encumbrancer and had a right to redeem from Reynolds and to subject the equity of redemption held by Moore.   He was entitled to a decree ascertaining the amount due on the debt held by Reynolds, and also the amount due himself.   He was entitled to have the land sold and the proceeds applied, first, to the payment of the Reynolds debt and the remainder to his own, and on confirmation of the sale, to a personal decree against Moore and wife for any balance that might be due him. 2 Story's Eq. Jr., sec. 1023; 3 Pom. Eq., sec. 1220; Tiedman on Real Prop., sec. 359; Code 1892, § 592.   A junior mortgagee can subject the equity of redemption.   *Worthington* v. *Wilmot*, 59 Miss., 608; *Brooks* v. *Kelly*, 63 Miss., 616; *Yates* v. *Mead*, 68 Miss., 787.   The complainant's prayer for specific

relief, being of a somewhat different nature, does not bar him of his rights to a decree.

In modern equity practice the rule is that under the general prayer, any relief consistent with the bill and within its scope may be granted. *Bell* v. *Clark*, 71 Miss., 603; *Dodge* v. *Evans*, 43 Miss., 570; *Moon* v. *Wilkerson*, 47 Miss., 634.

*J. Edgar Torrey*, for appellees.

Complainant, under the prayer for general relief, should have made his present contention in the court below at the time the cause was heard on bill and answer. No such contention was made by complainant at the time of hearing the cause. It was formerly the rule that no relief could be granted under the general prayer which was inconsistent with that especially prayed for. In modern practice the rule is more liberal, but relief must be such as can be afforded on the facts stated, and it must appear that the defendant is fairly apprised by the bill that the relief is sought by the complainant. *Weeks* v. *Thrasher*, 52 Miss., 142; *Bell* v. *Clark*, 71 Miss., 603.

WHITFIELD, C. J., delivered the opinion of the court.

Under the prayer for general relief, and the admissions in the answers, appellant was entitled to redeem from the senior mortgagee and subject the equity of redemption. The case made by the pleadings fully warranted this relief and the decree should have vindicated the case so made, under the prayer for general relief. The view taken by the court below was too technical.

*Reversed and remanded.*